IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSICA L. DELEON,

    Plaintiff,

v.                                                                                   Civ. No. 02-1379 JC/RLP-ACE

NORTHROP GRUMMAN SYSTEMS
CORPORATION, a Delaware
Corporation, *et al.*,

    Defendants/Third-Party Plaintiff/Third-Party Defendant

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant Northrop Grumman Systems Corporation's Motion for an Order to Show Cause Why New Mexico Mutual Casualty Company Should not be Compelled to Produce Subpoenaed Documents ("Defendant's Motion") [Doc. 115]. Defendant's Motion was filed because a non-party to this action, New Mexico Mutual Casualty Company, ("NMMCC") claimed attorney client privilege, work product immunity, and statutory privilege for the requested documents.

Plaintiff was injured in the course and scope of her duties as a volunteer fire fighter. She evidently has received worker's compensation benefits for her injuries from her employer's carrier, NMMCC, which is not a party to this action. In her Worker's Compensation case, she was represented by attorney Mark Jarner. At some point, Mr. Jarner associated with attorney William Carpenter for this case, a products liability action over which this court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

Northrop Grumman subpoenaed NMMCC for Plaintiff's claim file "including, but not limited to: correspondence, notes, memos, computer generated materials, investigative materials, witness statements, reports, photographs, diagrams, videotapes, drawings, or depictions of the accident scene, payment documents and releases." Exhibit A to Defendant's Memorandum in Support of Motion for an Order to Show Cause Why New Mexico Mutual Casualty Company Should not be Compelled to Produce Subpoenaed Documents ("Defendant's Memorandum") [Doc. 116].

After first objecting to the request for documents, NMMCC submitted a Privilege Log indicating five categories of withheld documents: (1) communications between Attorney Jarner and NMMCC; (2) communications between Attorney Carpenter and NMMCC; (3) NMMCC's claim comments; (4) pleadings and other papers filed in the New Mexico Workers' Compensation Administration; and (5) investigative documents prepared by NMMCC's investigator, Jack Potter. Northrop Grumman argues that any privilege or immunity as to categories 1, 2, 4, and 5 has been waived due to NMMCC's failure to produce an adequate privilege log; or, alternatively, that those categories are not subject to any privilege or immunity.

Attorney-Client Privilege

New Mexico Rule of Evidence 11-503(B)[1] defines the general rule of privilege:

> A client has a privilege to refuse and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal

---

[1] In a diversity action, attorney client privilege is determined by state law, but federal law determines the availability of work product immunity. *Frontier Refining v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998).

services to the client . . . .

The privilege attaches to confidential communications between, *inter alia*, (1) the client and her lawyer or her lawyer's representative; and (2) the client's lawyer and the lawyer's representative. N.M.R.Evid. 11-503(B)(1) & (2). The privilege protects confidential communications, not facts. *State v. Steinkraus*, 417 P.2d 431, 432 (N.M. 1966). Not every communication is privileged.

Attorney Jarner states that he entered into an attorney-client relationship with NMMCC in September, 2001, to "conduct an investigation into a third-party claim . . . ." NMMCC's Response [Doc. 131] at 4 & Exhibit 1 thereto. He states that NMMCC paid for the services of a "consultant to help investigate the potential third party claim." Exhibit 1, ¶ 6.

It is impossible to tell from the Privilege Log submitted whether the underlying documents concern legal advice or factual matters, or both. Although attorney Jarner states that they entered into this relationship in September, NMMCC has listed as privileged a document dated June 19, 2001. The court notes that is only eight days after the accident at issue here; it does not seem possible that Jarner could have been representing both the insurance carrier and the plaintiff at the same time in the Worker's Compensation proceeding.

The date the representation began is one of the facts necessary for the court to make its determination. *See Poluch v. American Fan Co.*, 119 F.R.D. 621, 622 (D. Mass. 1988). Similarly, although the privilege is also claimed as to attorney Carpenter, no date is provided as to when his relationship began with NMMCC. Accordingly, NMMCC shall

have ten (10) days from entry of this Order to submit (1) a document or an affidavit as to when any attorney-client relationship began between NMMCC and attorney Jarner and attorney Carpenter; (2) a revised privilege log as to documents it contends are covered by the attorney client privilege. The documents shall be listed in ascending date order and, in addition to the information already provided in the current privilege log, a brief description of the matters communicated in those documents, together with all recipients of those documents.

## Work Product Immunity

Federal Rule 26(b)(3) extends protection to tangible items prepared by a party or a party's representative in anticipation of litigation or for trial. This is commonly known as "work product." "Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995).The party invoking the work product doctrine bears the burden of proving the items are not discoverable. *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000).

Again, the privilege log submitted is entirely inadequate in its description of the documents withheld on the ground of immunity. Accordingly, NMMCC shall have ten (10) days from entry of this Order to submit a log containing documents it contends are immune from discovery based on the work product doctrine. This log shall be separate from the privilege log referred to above, shall list documents in order of date and in addition to the information already given shall provide a brief description of the contents of the document

and state why NMMCC believes it should not be discovered (*e.g.*, "trial strategy" or the like). The log should also identify all recipients of the document.

## "Privilege" by Statute

Plaintiff argues none of the documents or pleadings in the Worker's Compensation case are discoverable, citing to NMSA (1978) § 57-5-21 (2003 Repl. Pamph.). That provision is contained in the Worker's Compensation Administration Act, §§ 52-5-1 *et seq*. The Worker's Compensation Administration Act applies to the administrators of the Worker's Compensation Act. § 52-5-1. It does not appear to apply to anyone outside of those individuals. In any event, the statutory provision dictates that the pleadings, etc. shall be "confidential," and does not grant them the status of "privileged." Moreover, as the court understands, that proceeding has been completed. If the documents are not available to Northrop Grumman from the Workers Compensation Administration, then NMMCC must produce them to Northrop Grumman within ten (10) days of entry of this Order.

## Expert's Investigative Documents

The final category of withheld documents is the investigative documents prepared by NMMCC's consultant soon after the accident. The individual who prepared the documents is now deceased. It appears from the parties' submissions that Mr. Potter was never intended to be an unidentified consultant. Moreover, Northrop Grumman indicates that Potter's report was given to the currently retained expert and parts of that report have been given to counsel for Northrop Grumman. As stated previously, facts are neither privileged nor immune from discovery. It appears from the parties' submissions that the

5

report is not confidential and not work product: that the report contains a physical examination of the equipment and interviews with witnesses. This information is discoverable and shall be produced within ten (10) days of entry of this Order.

Because it does not appear that NMMCC acted in bad faith or ignored a court order, the court will not (indeed, cannot) invoke the sanctions of Rule 37, which would waive any objections on privilege or immunity. If NMMCC fails to comply with this Order in good faith, the court may consider any sanctions available, including waiver, costs or attorney's fees, if applicable.

IT IS THEREFORE ORDERED, as indicated herein, that NMMCC shall produce (1) a privilege log; (2) a work product log; (3) documents requested in the Worker's Compensation case; and (4) Jack Potter's investigative report within ten (10) days of entry of this Order.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge