IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSICA L. DELEON,

    Plaintiff,

v.                                              Civ. No. 02-1379 JC/RLP-ACE

NORTHROP GRUMMAN SYSTEMS
CORPORATION, a Delaware
Corporation, *et al.*,

    Defendants/Third-Party Plaintiff/Third-Party Defendant

MEMORANDUM OPINION AND ORDER

    The court previously entered its Memorandum Opinion and Order [Doc. 171] ordering non-party New Mexico Mutual Casualty Company ("NMMCC") to produce some documents withheld on account of attorney client privilege or work product immunity. The court also requested that NMMCC submit revised privilege logs as to documents it contended were privileged or immune from discovery, Northrop Grumman Systems being the party seeking discovery. *See* Docket 115.

    The documents so ordered were produced and the logs were resubmitted to the court. Northrop Grumman, by correspondence dated May 26, 2004 and not filed with the court, objects to the documents withheld. By its letter dated May 26, 2004, NMMCC requested an *in camera* inspection of the documents. The documents were delivered to and inspected by the court.

    The party seeking to invoke attorney-client privilege or work product immunity has the burden of proving that the items sought are not discoverable. *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000) (citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d

540, 542 (10th Cir. 1984)). Listed as attorney-client privileged documents are (1) a letter to attorney Mark Jarner from NMMCC concerning payment for retention of a mechanical engineer; (2) two fax cover sheets to attorney Jarner from NMMCC concerning retention of a mechanic to inspect the fire truck; and (3) a fax from Darrell Deering at Fay Engineering Corp. transmitting a page from a manual or book.

Attorney client privilege extends to confidential communications between a client and her lawyer or her lawyer's representative. N.M.R.Evid. 11-503(B)(1) & (2). The privilege protects confidential communications, not facts. *State v. Steinkraus*, 417 P.2d 431, 432 (N.M. 1966). The aforementioned documents do not meet the criteria for privileged materials. Even if these documents were withheld on the ground of work product, there is no indication anywhere in the record that the engineer or mechanic are retained consultants who are not expected to testify at trial. These documents shall be produced.

NMMCC lists several documents as immune from discovery because they are work product. There are two types of work product: "fact" (or "ordinary") and "opinion." *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 704 n.12 (10th Cir. 1998). The former includes documents prepared in anticipation of litigation; the latter contains the mental impressions of an attorney. *Id.* The substantial need/undue burden test set forth in Fed.R.Civ.P. 26(b)(3) applies only to fact work product. *Id.* In general, the mental impressions of an attorney are never discoverable absent waiver. *Id.* Work product protection only covers documents and tangible items; the facts contained in the documents are not immune from discovery by other means. Fed.R.Civ.P. 26(b)(3);

After reviewing the documents submitted by NMMCC the court finds that none of these documents constitute work product. Some of the documents are addressed to, or copied to, unidentified third parties which would destroy any immunity, even assuming the doctrine applied. Indeed, Northrop Grumman asserts it has possession of one of the documents. The letter from NMMCC's attorney does not constitute work product because NMMCC is not a party to this action. *Hawkins v. South Plains Internat'l Trucks, Inc.*, 139 F.R.D. 682 (D. Colo. 1991). There is no indication that any of the expert materials are from non-testifying experts and so those documents are discoverable.

Finally, as to the category of documents which contain discussions of investigations and individuals contacted, the court finds that those investigations are in NMMCC's ordinary course of business, even though done at counsel's direction. The mere involvement of an attorney, without more, does not cloak the document with immunity. *See Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000). In any event, NMMCC failed to identify the protection sought, *i.e.*, "ordinary" or "opinion" work product and the court cannot make that determination on its own. The documents shall be produced within ten (10) days of entry of this Order.

IT IS SO ORDERED.

_____
Richard L. Puglisi
United States Magistrate Judge